UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

DENNIS T. NELSON,

                Plaintiff,

   -against-                                                 9:18-CV-657 (LEK/CFH)

D.P. DISBORO,

                Defendant.
─────────────────────────────────────────────

## DECISION AND ORDER

### I.  INTRODUCTION

On June 5, 2018, pro se plaintiff Dennis T. Nelson brought this action, alleging violations of her[1] constitutional rights while she was confined at Great Meadow Correctional Facility ("Great Meadow C.F."). Dkt. No. 1 ("Complaint"). At this stage, only an Eighth Amendment claim against Defendant D.P. Disboro remains. In a Report-Recommendation issued on May 20, 2020, the Honorable Christian F. Hummel, U.S. Magistrate Judge, recommended granting Defendant's motion for summary judgment as to this claim. Dkt. No. 42 ("Report-Recommendation"). On June 1, 2020, Plaintiff filed objections. Dkt. No. 43 ("Objections"). For the reasons that follow, the Court modifies the Report-Recommendation with respect to its reasoning, while adopting its conclusion that Defendant's motion for summary judgment should be granted.

### II.  BACKGROUND

The facts of this case are detailed in the Report-Recommendation, familiarity with which is assumed. In short, Nelson alleges that Disboro raped her shortly before 12:00 a.m. on October

───────────────

[1] In her pleadings, Plaintiff identifies herself as "a transgender female." Dkt. No. 1 at 5.

4, 2017, while she was in a hospital room in the Behavioral Health Unit at Great Meadow C.F. R. & R. at 2–3. Disboro denies having committed the assault and maintains he was not present at the facility from October 2 to October 4, 2017. Id.

In the Report-Recommendation, the magistrate judge found that Nelson had exhausted her administrative remedies, but granted summary judgment for Disboro largely on the basis that Nelson's testimonial evidence, on which she exclusively relied in opposing summary judgment, was not credible. See generally R. & R.

Nelson objects in general terms to the Report-Recommendation. See Objs.

### III.   STANDARDS OF REVIEW

#### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

**B. Summary Judgment**

Federal Rule of Civil Procedure 56 instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Similarly, a party is entitled to summary judgment when the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

**IV.   DISCUSSION**

Because Nelson's objections are general in nature, the Court reviews the Report-Recommendation for clear error. See Barnes, 2013 WL 1121353, at *1.

With respect to the magistrate judge's findings regarding exhaustion, to which no party has objected, the Court finds no clear error.

In assessing the merits of Nelson's claim, the magistrate judge relied on Jeffreys v. City of New York, in which the Second Circuit held that a plaintiff's uncorroborated version of events was so improbable that "[n]o reasonable person would undertake the suspension of disbelief necessary to give credit to the allegations made in [the] complaint." 426 F.3d 549, 555 (2d Cir. 2005). Generally, credibility determinations are beyond the scope of summary judgment. See Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996). The Jeffreys exception to this general rule applies when "1) the plaintiff relies almost exclusively on his own testimony; 2) the plaintiff's testimony is contradictory or incomplete; and 3) the plaintiff's testimony is contradicted by the evidence produced by the defense." Morris v. Plummer, No. 09-CV-734, 2011 WL1135936, at *9 (N.D.N.Y. Mar. 2, 2011) (internal quotation marks and citation omitted).

With respect to the first prong, the magistrate judge found that Nelson relied exclusively on her Complaint and deposition testimony. R. & R. at 18.

With respect to the second prong, the magistrate judge highlighted what he described as inconsistencies in Nelson's deposition testimony. The magistrate judge noted that Nelson made inconsistent statements regarding when the rape occurred, at one point stating that it occurred at midnight, and at another point stating that it occurred one or two hours before. R. & R. at 19–20. Relatedly, Nelson made inconsistent statements regarding how she knew the time of the incident, at one point claiming that Disboro told her the time, and at another point claiming that she viewed a clock outside the room. Id. Nelson also made conflicting statements regarding the duration of the attack, at one point stating that it lasted an hour or two and at another point stating that it lasted five to ten minutes. Id. at 20. Nelson also gave conflicting statements regarding whether she had met Disboro prior to the incident and whether she had encountered him since.

4

See R. & R. at 20–22. She also testified both that the hospital door was closed during the rape and that it was not, and gave conflicting statements about whether she reported the rape to a social worker. Id. at 23.

With respect to the third prong, the magistrate judge noted that Nelson's testimonial evidence was contradicted by documentary and other evidence from Defendant. Defendant presented logbook entries and payroll records indicating that Defendant was not at work between October 2 and October 4, 2017, as well as declarations from two non-party witness correction officers who were working at the infirmary during the relevant time period on the night of October 3 until midnight, in which the declarants state that they did not see Disboro at the infirmary and did not notice any disturbance during their shifts. See R. & R. at 17–18.

The Court finds that this case does not satisfy the Jeffreys exception to the general prohibition on credibility determinations at the summary judgment stage. While the Court agrees with Magistrate Judge Hummel's analysis of the first and third prongs, the Court disagrees with the magistrate Judge's analysis of the second prong.

Several of the purported inconsistencies that the magistrate judge identified are either minor or immaterial to Nelson's claims. For instance, while Magistrate Judge Hummel states that Nelson contradicted her initial statement in her deposition that the attack occurred at midnight on October 4, she in fact never made such a precise representation. Rather, she initially provided midnight as an approximate time, see Dkt. No. 34-17 at 16–17 (opposing counsel asks "[a]nd *about* what time did this alleged incident occur," and Nelson responds "at twelve a.m.") (emphasis added), and her subsequent testimony was roughly consistent with that representation. And while Nelson presented contradictory recollections in her deposition testimony regarding the

5

duration of the sexual assault, the Court is unwilling to accept that a reasonable jury would necessarily find on this basis that the rape allegation was wholly fabricated; surely, a victim can have a cloudy memory of a traumatic incident. Moreover, while Nelson made inconsistent representations regarding her prior and subsequent contact with Defendant, the details of such interactions have no direct bearing on the veracity of her allegation that Disboro committed the assault, apart from casting doubt on Nelson's truthfulness as a general matter. Moreover, while Nelson's contradictory statements regarding her conversation with a social worker about the assault may undermine Nelson's credibility, they do not, even in combination with the other minor inconsistencies mentioned, justify the extraordinary approach of usurping the jury's function of assessing credibility.

Importantly, Nelson has not made any representations in her testimony that would directly undermine her entitlement to relief if true. This case thus presents a contrast with Dove v. City of New York, on which Magistrate Judge Hummel relied. See R. & R. at 23. In Dove, in which the plaintiff alleged Fourteenth Amendment due process violations in connection with a physical assault in the course of an involuntary civil commitment, the extent of the plaintiff's injuries were material to his claim, which was subject to a standard assessing whether the plaintiff enjoyed "conditions of reasonable care and safety" during his confinement. No. 03-CV-5052, 2007 WL 805786, at *7 (E.D.N.Y. Mar. 15, 2007). The court found inconsistencies in the plaintiff's testimony regarding the extent of his injuries, as plaintiff had alleged, at different points in time, suffering no injuries from an assault by other patients, minor headaches, unconsciousness, and brain damage. Id. at *6. If the court had credited the plaintiff's representation that minor or no injuries occurred, he would not have been entitled to relief. In this

case, the legally relevant question is simply whether Disboro committed rape. Crawford v. Cuomo, 796 F.3d 252, 257 (2d Cir. 2015). Nelson did not deny that the rape occurred at any point in her deposition testimony, nor does the record indicate that she made such statements in any other context. Rather, she has exhibited an imprecise recollection of details of tangential relevance, such as when the attack occurred within a two-hour window, and how long the attack lasted.

In short, while a jury could find on the basis of the these inconsistencies that Nelson's account of the incident is not credible, a reasonable jury would not necessarily find as such. A reasonable jury could find, for instance, that in the context of a deposition, a seasoned government lawyer would be capable of eliciting inconsistent statements about minor details of events from *any* unrepresented plaintiff with mental health issues. A reasonable jury could also find that Nelson experienced trauma that hindered a flawless and precise recollection of events. The Court is not willing to establish a precedent holding otherwise.

Nevertheless, considering Disboro's substantial evidence, both documentary and testimonial, that he was not present in the facility at the time of the assault, in contrast with the uncorroborated nature of Nelson's assertion that Disboro committed the assault, summary judgment is warranted. Importantly, Nelson does not dispute the authenticity of Disboro's documentary evidence. It is well-established that such an evidentiary imbalance demonstrates that a factual dispute is not genuine. See, e.g., Scott v. Harris, 550 U.S. 372, 378–81 (2007) (in light of unchallenged video that clearly contradicted plaintiff's version of high-speed police chase, court should not have adopted plaintiff's version of events in upholding denial of summary judgment on ground of qualified immunity); Zellner v. Summerlin, 494 F.3d 344, 371

(2d Cir. 2007) ("Incontrovertible evidence relied on by the moving party, such as a relevant videotape whose accuracy is unchallenged, should be credited by the court on such a motion if it so utterly discredits the opposing party's version that no reasonable juror could fail to believe the version advanced by the moving party."); Makhoul v. Watt, Tieder, Hoffar & Fitzgerald, L.L.P., 662 Fed. App'x. 33, 35 (2d Cir. 2016) ("Given the overwhelming documentary evidence to the contrary, the District Court rightly found that Makhoul's affidavit is so blatantly contradicted by the record evidence that no reasonable jury could believe its version of events."); Robinson v. Pezzat, 818 F. 3d 1, 10 (D.C. Cir. 2016) (trial court need not accept as true evidence that "is so undermined as to be incredible"); Liberty Lobby, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

Under these circumstances, it is somewhat of an understatement to say, as required by the third prong of Jeffreys, that "the plaintiff's testimony is contradicted by the evidence produced by the defense." See Morris, 2011 WL1135936, at *9. Defendant's evidence conclusively undermines plaintiff's assertions, and a reasonable jury could not find otherwise. Summary judgment is warranted for this reason alone.

V.  **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 42) is **ADOPTED in part and MODIFIED in part**; and it is further

**ORDERED**, that Defendant's motion for summary judgment (Dkt. No. 34) is **GRANTED**; and it is further

**ORDERED**, that the Clerk is directed to close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**[2]

DATED:   November 30, 2020
         Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge

---

[2]  Due to the delays and disruptions caused by the COVID-19 pandemic, some cases/motions were not disposed of prior to the end of the reporting period.